### HENSLEY, In re.

Common Pleas Court, Butler County.

No. 76908.    Decided October 6, 1958.

Geo. C. McCandless, for respondent.
Ralph A. Henderson, Asst. Atty. Genl., for State of Ohio.

## OPINION

By CRAMER, J.

This matter is before the court upon application made by the above named, whom we will refer to as respondent, for dismissal of the application of the Registrar of Motor Vehicles of the State of Ohio who seeks to suspend respondent's driver's license. Such application was filed pursuant to §4507.40 R. C.

The suspension applied for by the Registrar is sought by reason of claimed accumulation by respondent of twelve points by reason of motor vehicle violations.

The respondent contends that such application must be dismissed for the reason that the Registrar filed his application in this court more than thirty days after his last conviction. The last conviction was May 26, 1958 and the Registrar filed his application on the 27th day of June, 1958.

Sec. 4507.40 R. C., among other things, provides:

"When, upon determination of the Registrar, any person has charged against him a total of not less then twelve points within a period of two years from the date of the first conviction within said two year period, the registrar shall within thirty days from the date of the last such conviction, file an application with the Clerk of the Court of Common Pleas in the county where such person resides . . . ., requesting suspension of such person's license or permit to operate a motor vehicle for a period of one year."

Since there is evidence that this application was filed more than thirty days from the date of respondent's last conviction (32 days) our question is whether the thirty day provision found in §4507.40 R. C., is mandatory or directory only. Counsel for the Registrar has furnished the court with a memorandum wherein are cited the following authorities:

State, ex rel. Smith v. Barnell, 109 Oh St 246; State, ex rel. Jones v. Farrar, 146 Oh St 467; Miller v. Lakewood Housing Co., 125 Oh St 152; Bliss Realty Co. v. Darrash, 111 Northeastern, 2nd.

The courts rendering the decisions in the above causes, of course, did not have this identical question before them. However, they did pass upon cases wherein time limitations such as we are here confronted with, were involved.

These courts concluded, and the general tenor of their decisions is to the effect that laws establishing limitations as to time within which such an act is to be done are directory and not mandatory.

Generally, a mandatory provision in a statute is one the omission to follow which renders a proceeding to which it relates illegal and void. A directory provision is one, the absence of which is not necessary to the validity of the proceedings.

It has been held that whether a statute is mandatory or directory is to be ascertained from a consideration of the entire act, its nature, its

object, and the consequences which would result from construing it one way or the other.

It has also been asserted that where the instructions of a statute are given merely with a view to the proper, orderly and prompt conduct of business, the provisions may generally be regarded as directory.

See State, ex rel. v. Barnell, supra.

Here certainly the phraseology of this statute is not such that the designation of time must be considered a limitation upon the power of the Registrar.

The section in question does not state in terms that if the application of the Registrar is not filed within thirty days from the date of the last conviction the Registrar loses jurisdiction over the matter.

In the case of State, ex rel. v. Farrar, supra, Judge Hart made this assertion:

"Whether a statute is mandatory or directory is to be ascertained from a consideration of the entire act, its nature, its effect and the consequences which would result from construing it one way or the other. In each instance it is necessary to look to the subject matter of the statute and consider the importance of the provision which has been disregarded and the relation of that provision to the general object to be secured by the act."

We too are of the opinion that limitations as to time such as we are here dealing with should ordinarily be determined as directory and not mandatory, if no substantial rights are affected and no injury will be done by failing to strictly apply the same.

When we consider the "subject matter of this statute here in question and consider the importance of the provision which has been disregarded and the relation of that provision to the general object intended to be secured by the act," we are impelled to the conclusion that the aforesaid provision is directory only.

We cannot conceive how or in what manner the respondent herein has been prejudiced or what substantial or material right he possesses has been violated by the Registrar's filing of this application two days late. As a matter of fact it could be urged that respondent has been benefited in the delay since his privilege to operate a motor vehicle in this state would be extended for at least two additional days if at the scheduled hearing his license is suspended for a year.

In this connection it is to be noted that the duty of the Clerk of the Common Pleas Court to notify the respondent of the filing of the Registrar's application does not commence until after the filing thereof. (See §4507.40 R. C.)

We believe that the purpose of the Legislature in enacting this legislation can be accomplished in a manner other than that prescribed and substantially the same results obtained, if the thirty day provision be ignored. Therefore the provisions of this statute here drawn in question are to be regarded as directory. (See Miller v. Lakewood Housing Co. supra, at page 161.)

We therefore find that the respondent's motion to dismiss the application is not well taken and will be overruled.